■ HAROLD SHORE, Respondent, v. BIGLEY BROS., INC., et al., Appellants.—

Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.; Steuer, J., dissents in the following memorandum: I dissent and would order a new trial without making the same dependent on plaintiff's refusal to accept the verdict as reduced. Practically the only question in this case is that of damages. Admittedly the plaintiff had a pre-existing injury and the question is narrowed to what extent the accident exacerbated that injury. This is a field in which the layman is easily led astray by loaded questions, the equivocal answers of partisan doctors and instructions that, while they accord with the generalities of decided cases, do not specifically present the question. The jury should receive the maximum assistance in reaching their conclusion that our legal techniques afford. Here an aid, patently available and useful, was either overlooked by all concerned or consciously avoided. Reference is to the Impartial Medical Panel, whose advice in this case would have been particularly appropriate. I realize that whether to call in the panel, in the absence of a request from either side, is within the discretion of the Trial Judge, and a failure to do so cannot be deemed error. However, a new trial in the interests of justice with such a recommendation would seem to be a more just solution than an effort to adjust the damages to the sharply divergent possibilities that are presented. If this procedure is adopted, it would be very likely, from present experience, that no further trial would be required. Settle order on notice.